J-S71010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1154 EDA 2017 |
| DANIEL J. ERVIN | | |

Appeal from the Order March 7, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000218-2004

BEFORE: PANELLA, J., STABILE, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 06, 2018**

The Commonwealth of Pennsylvania appeals from the order entered in the Delaware County Court of Common Pleas, which granted the expungement petition of Appellee, Daniel J. Ervin. The Commonwealth argues the trial court did not have the statutory authority to grant expungement of Appellee's simple assault conviction. We agree.

The relevant facts and procedural history are as follows. On March 7, 2005, Appellee was convicted of one count of simple assault and one count of harassment.[1] Eleven years later, at the age of thirty-two, Appellee filed a petition to expunge his criminal history record. Despite being served a copy

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2701 and 18 Pa.C.S.A. § 2709. Appellee's sentencing sheet lists his harassment conviction as a summary offense, but does not provide a grading for the simple assault conviction. **See** Sentencing Sheet, 4/7/05.

of the petition, the Commonwealth failed to file a response. The trial court subsequently granted Appellee's petition.

Six days later, the Commonwealth filed a motion for reconsideration, citing the trial court's lack of statutory power to grant the petition. The trial court granted the Commonwealth's motion, vacated its prior order, and held hearings on the matter. Following the hearings, the trial court reinstated its prior order. This appeal follows.

On appeal, the Commonwealth alleges the trial court erred by "granting expungement of the criminal history record of the conviction where the [Appellee] did not show he was eligible under the very limited conditions set forth by the applicable statute." Commonwealth's Brief, at 2-3. Appellee and the trial court counter that the Commonwealth's failure to timely object to Appellee's petition and the discretion the trial court has in expungement matters justifies the grant of the petition. *See* Trial Court's Opinion, 5/25/17, at 4-9; Appellee's Brief, at 4-7.

"The decision to grant or deny a petition to expunge rests with the sound discretion of the trial court, and we review that court's decision for abuse of discretion." *Commonwealth v. Moto*, 23 A.3d 989, 993 (Pa. 2011) (citations omitted). However, a trial court's discretion is limited by "the manner of disposition of the charges an individual wishes to expunge." *Commonwealth v. Wallace*, 97 A.3d 310, 317 (Pa. 2014). "When an individual has been convicted of the offenses charged, then expungement of criminal history

records may be granted only under very limited circumstances that are set forth by statute." *Id*. (quoting *Moto*, 23 A.3d at 993).

Section 9122 of the Crimes Code governs expungement following conviction. Specifically, it provides, in pertinent part, that a criminal record "may be expunged when:"

(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision.

(2) An individual who is the subject of the information has been dead for three years.

(3)(i) An individual who is the subject of the information petitions the court for the expungement of a summary offense and has been free of arrest or prosecution for five years following the conviction for that offense.

(ii) Expungement under this paragraph shall only be permitted for a conviction of a summary offense.

18 Pa.C.S.A. § 9122(b)(1)-(3)(i)-(ii).

Despite the trial court's claim that it had discretion to grant expungement, it is clear that, pursuant to the statute, Appellee does not even qualify for discretionary review of his petition. Appellee was a thirty-two year old man who was clearly living at the time he filed his petition. While the sentencing sheet does not indicate the exact grade of Appellee's simple assault conviction, the statute Appellee was convicted under provides that a simple assault conviction is, at the very least, a misdemeanor of the third degree. *See* 18 Pa.C.S.A. § 2701(b)(1). Further, the Commonwealth's failure to timely respond to Appellee's petition is of no moment: such a failure cannot provide

the court with statutory powers it otherwise lacks. Thus, we agree with the Commonwealth that the trial court lacked the statutory authority to grant Appellee's request to expunge his simple assault conviction.

Order reversed in part and affirmed in part.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/18

---

[2] The trial court's order also granted Appellee's request to expunge his summary harassment conviction. **See** Trial Court Order, 3/7/17. As this part of the order was not challenged by either party, we shall leave the trial court's expungement of Appellee's criminal history record, in relation to his harassment conviction, intact.